UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HASSIB ANWAR,

                Plaintiff,

v.

UNITED STATES POSTAL SERVICE and
ALLEN RICHARD BITMAN,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
21-CV-1085 (LDH) (LB)

L$_A$SHANN D$_E$ARCY HALL, United States District Judge:

Plaintiff Hassib Anwar, proceeding *pro se*, brings the instant action against Defendants United States Postal Service ("USPS") and Allen Richard Bitman for personal injuries pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*.

## BACKGROUND[1]

On March 2, 2019, Plaintiff, a New York City taxi driver, was making a right turn at an intersection in Manhattan when his taxicab was struck by a postal truck driven by USPS employee Allen Richard Bitman. (Complaint ("Compl.") 5, 7, ECF No. 1.) Plaintiff's taxicab was damaged and Plaintiff suffered injuries to his neck and shoulder. (Compl. 6, 9.) Since the accident, Plaintiff has been unable to work or exercise. (Compl. 6.) On February 25, 2021, Plaintiff completed and signed an FTCA claim form to be submitted to the United States Postal Service. (Compl. 9-10.) On March 1, 2021, Plaintiff commenced this action in federal court.

---

[1]     The following facts are taken from the complaint and are assumed to be true for the purpose of evaluating this instant motion. Pagination refers to the pagination assigned by the Court's ECF system.

## STANDARD OF REVIEW

Where a plaintiff is proceeding *pro se*, his pleadings must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). Notwithstanding the liberal pleading standard afforded to *pro se* litigants, a plaintiff must establish that the court has subject matter jurisdiction over the action. *Ally v. Sukkar,* 128 F. App'x 194, 195 (2d Cir. 2005) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction); *see also Colucci v. U. S. Postal Serv.*, No. 21-CV-827, 2021 WL 1902539, at *4 (E.D.N.Y. Apr. 20, 2021) (dismissing *pro se* complaint for lack of subject matter jurisdiction). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Federal subject matter jurisdiction is available only when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. 28 U.S.C. §§ 1331, 1332. A "federal question" is presented "if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Where jurisdiction is lacking, "dismissal is mandatory." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Although Plaintiff has not proffered a specific basis for this Court's jurisdiction (*see* Compl. 3-5), the Court construes Plaintiff's complaint as arising under the FTCA. The United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *See United States v. Sherwood*, 312 U.S. 584 (1941). The FTCA waives the government's sovereign immunity in certain tort actions, including actions for "damages for injury or loss of property or personal injury . . . resulting from the [negligence] . . . of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Because Plaintiff alleges property damage and personal injury by a federal government employee,[2] the Court finds the FCTA is the only plausible basis for Plaintiff's recovery in federal court.

The FTCA requires that "a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113, (1993)). A plaintiff properly exhausts an FTCA claim only after he presents the claim "in writing to the appropriate Federal agency" and the agency either (i) denies the claim in writing or (ii) fails to respond to Plaintiff within six months of the claim's submission. 28 U.S.C. §§ 2401(b), 2675(a). An action commenced in district court prior to the exhaustion of all administrative remedies is premature and is not saved by a denial of the administrative claim issued after the initiation of suit. *See McNeil*, 508 U.S. at 113 (noting that "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system").

---

[2] Defendant USPS is an "independent establishment of the executive branch of the Government of the United States," and is therefore part of the Government. 39 U.S.C. § 201.

Here, the complaint is premature because Plaintiff's claim has not been "finally denied" by USPS. 28 U.S.C. § 2675(a). A "plaintiff . . . bears the burden of showing that she exhausted her administrative remedies by presenting her claim to the appropriate federal agency before filing suit." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019), *cert. denied*, 139 S. Ct. 2748 (2019). Plaintiff completed an FTCA claim form on February 25, 2021, the same day he signed his complaint. (Compl. 6, 9.) Plaintiff's pleadings fail to indicate whether or when he submitted that form to USPS. Even if the Court reads Plaintiff's complaint to allege that the FTCA claim was submitted to USPS on or around February 25, 2021, Plaintiff does not allege that USPS denied his claim and cannot allege that USPS failed to respond within six months. *See Altman v. Connally,* 456 F.2d 1114, 1116 (2d Cir. 1972) (*per curiam*) (finding *pro se* complaint against United States deficient for failing to allege presentation of claim to, and final disposition of claim by, appropriate federal agency, as required by FTCA). Accordingly, Plaintiff has not exhausted his administrative remedies and this Court lacks jurisdiction over Plaintiff's claim. Having found no other basis for subject matter jurisdiction, the Court concludes that the complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. While the Court would normally permit a *pro se* litigant to amend his complaint, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), here, where subsequent administrative exhaustion cannot save the complaint, amendment would be futile. *See McNeil*, 508 U.S. at 113 (affirming dismissal of FTCA complaint filed before agency's denial of administrative claim); *Thompson v. United States*, 795 F. App'x 15, 20 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2675 (2020) (affirming denial of leave to amend *pro se* plaintiff's complaint

where "deficiencies of the complaint—lack of jurisdiction and failure to exhaust FTCA claims within two years—could not be cured").

In the event USPS denies Plaintiff's administrative claim, Plaintiff may, within six months of the denial, commence an FTCA action in a district court[3] naming the United States as defendant. 28 U.S.C. §§ 2401(b), 2679(a); *Colucci*, 2021 WL 1902539, at *4 (dismissing FTCA complaint because USPS was not proper party and Plaintiff did not plead exhaustion of administrative remedies); *see also Hylton v. Fed. Bureau of Prisons*, No. 00-CV-5747, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 12, 2002) (dismissing FCTA complaint against federal agency and its employees and substituting United States as defendant). Alternatively, if the agency fails to respond to Plaintiff within six months of the claim's submission, Plaintiff may file suit in a district court. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim.").

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   June 22, 2021

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

---

[3] Under the relevant provisions of the FTCA governing venue, the Government can be sued "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Thus, Plaintiff may refile in this Court or in the Southern District of New York, where the traffic accident occurred.